# MEMORANDUM DECISIONS

---

A. BOURJOIS & CO., Inc., v. George M. ALDRIDGE, Collector of the Port of New York, and Le Benart Import Co., Inc. (Circuit Court of Appeals, Second Circuit. May 15, 1922.) No. 312. Appeal from the District Court of the United States for the Southern District of New York. Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. This cause came here by appeal from an order denying injunction, entered in the District Court for the Southern District of New York. In and before 1906 the firm of Wertheimer & Cie., of France, sold in the United States a face or toilet powder under the name "Manon Lescaut." That firm was and is successor to another French copartnership known as A. Bourjois & Cie., which had originated the powder. In 1908 Wertheimer & Cie. registered trade-marks in the United States covering the names "Poudre Manon Lescaut," and "Bouquet Manon Lescaut" for toilet powders and face tints. By 1913 this business in Manon Lescaut powder in the United States was still small, not exceeding 1,200 boxes annually. In that year the plaintiff A. Bourjois & Co., Inc., was incorporated in New York for the purpose, inter alia, of taking over this business, and thereupon Wertheimer & Cie. sold,

conveyed, and transferred to plaintiff, its successors and assigns, "the entire business heretofore and now carried on [by said copartnership] in the United States, * * * and the sole and exclusive right to manufacture and sell in the United States any and all toilet preparations now made by [Wertheimer & Cie.] or which may hereafter be made by [that firm] in ·France," the assignment covered the going American business of Wertheimer, including chattels, goods, accounts, and contracts in the most ample manner; but grantors did not in any way, so far as shown in evidence, covenant or agree to abstain from future sales· of their products in the United States. Thereupon plaintiff strove to extend the business thus acquired in Manon Lescaut powder, with such success that when bill filed (December, 1921) it had reached nearly 200,000 boxes annually.

In September, 1915, plaintiff registered two trade-mark applications (subsequently granted as 111,176 and 111,994), one for the words "Poudre Manon Lescaut" for "toilet powder, sachet powder, violet water, brilliantine and perfume, rouge and face-cream," "no claim being made for the word 'Poudre' apart from the mark shown," and the other for a scheme of package ornamentation in certain colors and with certain decorations as shown in drawing accompanying application. Both applications as granted declared said trade-marks as having been used continuously in plaintiff's business since 1913, and in the business of "its predecessors," A. Bourjois & Cie. and E. Wertheimer & Cie., since 1894, and both set forth plaintiff as owner of Wertheimer's registered marks of 1908, and title thereto had in fact been acquired by a special transfer or assignment. Plaintiff's method of preparing Manon Lescaut powder is to obtain, usually from France, but not necessarily from the firm of Wertheimer, a powder and various tinting preparations and perfumes. The powder is then screened, bolted, or refined, and appropriately mixed with colors and perfumes to produce various tints and smells, there being several variations of Manon Lescaut powder. The Wertheimer firm continued to make and sell Manon Lescaut powder in France, using that trade-name and placing the completed product in packages substantially similar in dress and decoration to the style registered as a trade-mark by plaintiff. In fact, Wertheimer in France, and plaintiff in the United States, have since 1913 independently made this product, and sold it under the name, in the.package dress, and with the package decoration originally devised by the former French firm of A. Bourjois & Cie.

Defendant Benhart Company bought in France some Manon Lescaut powder made by Wertheimer & Cie. and attempted to import the same. Chemical analysis shows that this powder is substantially identical with plaintiff's. In name, dress, and decoration there is no difference between the two containers, except that each truly, but inconspicuously, states origin from plaintiff or Wertheimer as the case may be. Both emphasize the name "Bourjois." No ordinary purchaser would notice the difference; for sale purposes the powders in substance and container appearances are identical. Plaintiff, under section 27 of the Trade-Mark Act approved February 20, 1905 (Comp. St. § 9513), objected to the admission of the defendant Benart Company's powder through the United States customs house, making such objection to Aldridge, the collector of customs, at the port of New York. Aldridge declined to act favorably for plaintiff, which thereupon brought this bill, seeking to enforce exclusion. The District Court refused relief, and plaintiff appealed.

### Questions Certified.

(1) Is the sale in the ·United States of Wertheimer's Manon Lescaut powder an infringement of plaintiff's registered trade-marks?

(2) Is the collector, by section 27 of the Trade-Mark Law, required to exclude from entry genuine Manon Lescaut powder so as aforesaid made in France?